UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00004-CRS-HBB

LILLIAN A. [1]                                              PLAINTIFF

VS.

KILOLO KIJAKAZI, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                              DEFENDANT

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### I.        BACKGROUND

Before the Court is the Complaint (DN 1) of Lillian A. ("Plaintiff") seeking judicial review

of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Plaintiff filed a brief

(DN 12), Defendant filed a brief (DN 17), and Plaintiff filed a reply (DN 19).   For the reasons

that follow, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the

Commissioner, and judgment be **GRANTED** for the Commissioner.

Pursuant to General Order No. 2019-11 and 28 U.S. C. § 636(b)(1)(B), this matter has been

referred to the undersigned United States Magistrate Judge to review the Fact and Law Summaries

and submit Findings of Fact, Conclusions of Law, and Recommendations.   By Order entered

March 8, 2023 (DN 9), the parties were notified that oral arguments would not be held unless a

written request therefor was filed and granted.   No such request was filed.

### II.       FINDINGS OF FACT

On February 26, 2020, Plaintiff protectively filed an application for Supplemental Security

Income (Tr. 16, 192-201).   Plaintiff alleged that she became disabled on August 1, 2014, as a

result of back and spine issues, hip issues, and leg issues (Tr. 16, 59, 77, 219).   The application

---

1  Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

was denied initially on August 26, 2020, and upon reconsideration on March 8, 2021 (Tr. 16, 74, 101).[2]  On May 6, 2021, Plaintiff filed a written request for hearing (Tr. 16).

On November 30, 2021, Administrative Law Judge J. Elaine Burke ("ALJ") conducted a telephonic hearing due to the extraordinary circumstances presented by the COVID-19 pandemic (Tr. 16, 31-33).   Plaintiff and her representative, Kristen Brown participated telephonically (Id.). Kenny Boaz, an impartial vocational expert, also participated telephonically (Id.).

In a decision dated December 22, 2021, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 16-24).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 26, 2020 (Tr. 18).   At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, major depressive disorder, post-traumatic stress disorder, and neurocognitive disorder (Id.).   At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform less than a full range of light work as defined in 20 C.F.R. § 416.967(b) (Tr. 20).   More specifically, the ALJ determined that Plaintiff can lift and carry, push and pull 20 occasionally and 10 pounds frequently; she can sit for six hours of an eight-hour day and stand and/or walk for six hours of an eight-hour workday; she can frequently reach, handle, and finger with the right upper extremity; she can frequently climb ramps and stairs; she can occasionally climb ladders, ropes, and/or scaffolds; she can occasionally stoop, kneel, crouch, and crawl; she should avoid

2 The ALJ indicates the application was denied upon reconsideration on August 28, 2020 (Tr. 16).   As the Disability Determination and Transmittal form indicates August 26, 2020 (Tr. 74), the undersigned has used that date.

2

concentrated exposure to extreme cold, vibration, and workplace hazards; she can have frequent contact with the public, co-workers, and supervisors; she can understand, remember, and carry out simple instructions and tasks with workplace changes that are occasional and gradually introduced (Id.).   Additionally, the ALJ determined that Plaintiff is unable to perform her past relevant work (Tr. 22).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience, as well as testimony from the vocational expert (Tr. 23-24).   The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.).   Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from February 26, 2020, through the date of the decision (Tr. 24).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 189-91).   The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

### III.   CONCLUSIONS OF LAW

#### A.  Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."   Cotton, 2 F.3d at 695 (quoting

<u>Casey v. Sec'y of Health & Hum. Servs.</u>, 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."   <u>Cohen v. Sec'y of Health & Hum. Servs.</u>, 964 F.2d 524, 528 (6th Cir. 1992) (quoting <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).   At that point, the ALJ's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).   Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision.   42 U.S.C. § 405(g); 20 C.F.R. § 404.981; <u>Cline v. Comm'r of Soc. Sec.</u>, 96 F.3d 146, 148 (6th Cir. 1996); <u>Cotton</u>, 2 F.3d at 695-96.

B.  The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Supplemental Security Income to persons with disabilities.   42 U.S.C. § 1381 *et seq.* (Title XVI Supplemental Security Income).   The term "disabled" is defined as

> unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. § 416.905(a); <u>Barnhart v. Walton</u>, 535 U.S. 212, 214 (2002); <u>Abbott v. Sullivan</u>, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.   *See* "Evaluation of disability in general," 20 C.F.R. § 416.920.   In summary, the evaluation proceeds as follows:

4

1)     Is the claimant engaged in substantial gainful activity?

2)     Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)     Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)     Does the claimant have the RFC to return to his or her past relevant work?

5)     Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

## C.  Challenges to the RFC

Plaintiff makes two arguments in support of her challenge to the ALJ's RFC determination (DN 12-1 PageID # 551-62). Specifically, Plaintiff claims: (1) the ALJ's finding as to the persuasiveness of each medical opinion is the product of legal error where she fails to comply with the requirements of 20 C.F.R. § 416.920c (Id. at PageID # 551-56); and (2) the ALJ's mischaracterization and improper evaluation of opinion evidence is legal error which is compounded by her failure to explain the basis for her unsupported RFC assessment (Id. at PageID # 556-62).

### 1. Failure to comply with 20 C.F.R. § 416.920c as to medical opinions

Plaintiff argues the ALJ's persuasiveness assessment for three of the four medical opinions in the record is legally flawed because the ALJ failed to provide any analysis of the supportability and consistency factors for each of the medical opinions (DN 12-1 PageID 551-56). Specifically,

Plaintiff is referring to the medical opinions of: (1) consultative examiner Jessica Bennett, MSN, APRN, FNP-C; (2) consultative examiner Jonelle E. DeLawrence, M.D.; and (3) state agency medical consultant Jean Sutherland, M.D. (Id.).   Plaintiff observes that Dr. Sutherland found the opinions of the consultative examiners "very persuasive," yet the ALJ only found those opinions partially persuasive (Id. at PageID # 555) (citing Tr. 93).

In response, Defendant asserts the ALJ addressed the appropriate regulatory factors in assessing the persuasiveness of the three medical opinions (DN 17 PageID # 577-82).   Further, Defendant argues that Plaintiff has not identified specific medical findings that support more limiting restrictions (Id. at PageID # 578) (citing Tr. 21-22).

In reply, Plaintiff indicates that Defendant is unable to show the ALJ ever articulated any evaluation of the supportability and consistency factors (DN 19 PageID # 591-97).   Additionally, Plaintiff argues the ALJ's finding that the opinions of consultative examiners, Dr. DeLawrence and Ms. Bennett, were only "partially persuasive" is irreconcilable with her assessment of Dr. Sutherland's opinion as persuasive since Dr. Sutherland's opinion was founded on his view that the consulting examiners' opinions were "very persuasive" (Id. at PageID # 592).

The new regulations for evaluating medical opinions and prior administrative medical findings are applicable to Plaintiff's case because she filed her application after March 27, 2017 (Tr. 192).   See 20 C.F.R. § 416.920c.   The new regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[3] in the record, even if it comes from a treating medical

---

[3] At the initial and reconsideration levels State agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings."   20 C.F.R. § 416.913a(a)(1).   Administrative law judges "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation.   20 C.F.R. § 416.913a(b)(1).

source.  20 C.F.R. § 416.920c(a).[4]  Instead, Administrative Law Judges will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation.  20 C.F.R. § 416.920c(a) and (b).  The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.  20 C.F.R. § 416.920c(c)(1)-(5).[5]  Of these five factors, the two most important are supportability and consistency.  20 C.F.R. § 416.920c(a) and (b)(2).  Further, the regulation requires Administrative Law Judges to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion.  20 C.F.R. § 416.920c(b)(2).  Notably, under the regulations Administrative Law Judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion.  20 C.F.R. § 416.920c(b)(2).

The pertinent parts of the ALJ's decision read as follows:

> As to her spinal condition, imaging of the claimant's lumbar spine, dated November 2020, revealed retrolisthesis of L5 on S1 with mild disc protrusion with mild spinal stenosis and moderate bilateral neural foraminal stenosis with abutment of L5 nerve roots bilaterally. (See Exhibit 7F, p. 4).  Her evaluations are normal, however, as discussed below in each of the consultative evaluations, except for some noted lumbar tenderness with muscle spasm. (See Exhibit 7F, p. 4).  The claimant was on pain medication several years ago, but she is currently not receiving any kind of care for chronic pain. (See Exhibit 7F, p. 4).
>
> . . .

---

4 The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. § 416.927(c)(2).
5 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship.  20 C.F.R. § 416.920c(c)(3)(i)-(v).

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

As for medical opinion(s) and prior administrative medical finding(s), the undersigned cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources.

Jonelle DeLawrence, M.D., examined the claimant on January 6, 2021. The claimant was alert and oriented. She was slow in answering questions. She had normal range of motion in all joints. She had normal straight leg raise without pain. She had normal gait. She had full muscle strength. She had full grip strength bilaterally. She had intact sensation. Dr. DeLawrence opined that the claimant may have difficulty lifting and carrying objects weighing more than 35 to 40 pounds and difficulty with prolonged walking or standing. (See Exhibit 8F). This opinion is partially persuasive, as the examination conducted by Dr. DeLawrence was generally normal, but the claimant's decisional residual functional capacity has been reduced to light work out of an abundance of caution in her favor.

Jessica Bennett, MSN, examined the claimant on August 19, 2020. The claimant had full range of motion in all of her joints. She had negative straight leg raise bilaterally. She had normal gait. She had full muscle strength. She could perform heel and toe walks, and she could squat. Ms. Bennett opined that the claimant may have trouble walking long distances, and she may have trouble with moderate to heavy lifting. (See Exhibit 6F). This opinion is partially persuasive, as the examination conducted by Ms. Bennett was generally normal, but the claimant's decisional residual functional capacity has been reduced to light work out of an abundance of caution in her favor.

Jack Reed, M.D., and Jean Sutherland, M.D., reviewed the claimant's file on August 26, 2020, and on February 4, 2021, respectively. Dr. Reed opined that the claimant's lumbar condition is non-severe. (See Exhibit 1A). Dr. Sutherland opined that the

8

claimant is limited to light work with occasional stooping, occasional climbing ladders, ropes, and/or scaffolds, occasional kneeling, occasional crouching, occasional crawling, frequent climbing ramps and/or stairs, and avoidance of concentrated exposure to vibration, to hazards, and to extreme cold. (See Exhibit 3A). The opinion of Dr. Reed is not persuasive, as the claimant's lumbar condition, even though her evaluations are generally normal, does cause subjective amounts of pain for which she has received treatment, and so that condition has been deemed severe. The opinion of Dr. Sutherland is persuasive, as it provides ample accommodation for the claimant's subjective allegations of lumbar pain.

. . .

As to the claimant's allegations, while her impairments are severe, they are not disabling. The undersigned has considered that the claimant's subjective complaints of disabling limitations are disproportionate to the objective clinical and diagnostic medical evidence. That is, clinical and diagnostic records fail to document any abnormality, which could reasonably be expected to result in the degree of limitations alleged. Regulatory criteria require that impairments must be established by objective medical evidence consisting of signs, symptoms, radiological reports, and laboratory findings, not merely by a claimant's statement of symptoms.

(Tr. 20-22).

The ALJ did not specifically use the terms "supportability" and "consistency" in her explanations for finding that the opinions of Dr. DeLawrence and Ms. Bennett are partially persuasive. Nevertheless, the ALJ provided sufficient information for the Court to conclude that she determined the functional limitations expressed by each consultative examiner are not supported by the "generally normal" physical examinations. Further, the Court can reasonably infer from the ALJ's discussion of the evidence that she found the opinions of Dr. DeLawrence and Ms. Bennett not consistent with the November 2020 imaging of Plaintiff's lumbar spine. Additionally, the above quoted discussion provides sufficient information for the Court to

9

determine that the ALJ found the consultative examiners' opinions partially persuasive because their examinations, although generally normal, did reveal some lumbar tenderness with muscle spasm.   The ALJ essentially indicated that after considering the circumstances she gave Plaintiff the benefit of the doubt and reduced her physical RFC to light work.   This is consistent with the ALJ's finding that Dr. Sutherland's opinion is persuasive because it provides ample accommodation for Plaintiff's subjective allegations of lumbar pain.   It is also consistent with the ALJ's determination that Plaintiff's severe back condition imposes some degree of limitation but not to the extent claimed by Plaintiff.

Next, Plaintiff contends the ALJ's determination—Dr. Sutherland's opinion is persuasive, but the opinions of Dr. DeLawrence and Ms. Bennett are only partially persuasive—is irreconcilable with Dr. Sutherland having found the opinions of Dr. DeLawrence and Ms. Bennett "very persuasive" (DN 19 PageID # 592).   For the reasons that follow, the undersigned disagrees. First, Dr. Sutherland did not make any comment regarding the persuasiveness of the opinion expressed by Ms. Bennett (Tr. 93, 403).   Dr. Sutherland "considered" the opinion articulated by Dr. DeLawrence "to be very persuasive" (Tr. 93) (quoting Tr. 426).   But Dr. Dr. Sutherland considered that opinion along with the rest of the evidence in the record and expressed her own opinion which sets forth much more specific exertional, postural, and environmental limitations (Tr. 90-92).   The ALJ found Dr. Sutherland's limitations persuasive because they provided "ample accommodation for the claimant's subjective allegations of lumbar pain" (Tr. 22). Considering the circumstances, it is reasonable for the ALJ to find the opinion of Dr. Sutherland persuasive while also concluding that the more general opinions of Dr. DeLawrence and Ms. Bennett are only partially persuasive.

10

2.  *Failure to comply with 20 C.F.R. § 416.920c as to psychological opinions*

Plaintiff argues the ALJ's persuasiveness assessment for three psychological opinions in the record is legally flawed because the ALJ failed to provide any analysis of the supportability and consistency factors for each of the psychological opinions (DN 12-1 PageID # 556-62). Specifically, Plaintiff is referring to the medical opinions of: (1) August 17, 2020, opinion of consultative examiner Lorilea Conyer, MA, LLP; (2) state agency psychological consultant, Mary K. Thompson, Ph.D.; and (3) state agency psychological consultant, Christie Bruening, Ph.D. (Id.). Plaintiff observes that the state agency psychological consultants found the opinions of the consultative examiner "highly persuasive," yet the ALJ only found the opinion partially persuasive (Id. at PageID # 558) (citing Tr. 68-69).   Plaintiff also points out that the ALJ failed to acknowledge the opinion expressed by both state agency psychological consultants indicating that Plaintiff needs "support & structure" in order to adequately adapt to the conditions and changes in a work environment (Id. at PageID # 558).   Instead, the ALJ simply found Plaintiff is capable of adapting "to situational changes in the workplace" (Id.) (quoting Tr. 22; Dunlap v. Comm'r of Soc. Sec., No. 20-4179, 2021 WL 5371401, at *7 (6th Cir. Sept. 20, 2021) (holding that SSR 96-8p requires the ALJ to explain why an opinion was not adopted)).

In response, Defendant asserts that the ALJ's decision indicates proper consideration of the regulatory factors for assessing persuasiveness (DN 17 PageID # 582-87).   While the ALJ did not expressly mention the term "supportability," her evaluation of Ms. Conyer's examination findings clearly referenced numerous unremarkable observations that did not support more restrictive mental limitations exceeding those in the RFC mental findings (Id. at PageID # 583) (citing Tr. 22).   Defendant contends the ALJ also referenced other medical evidence in the record that was

11

not fully consistent with the limitations Ms. Conyer stated (Id.) (citing Tr. 22).   Defendant argues the ALJ's finding that the opinions of the state agency psychological consultants are partially persuasive are supported by substantial evidence and comport with applicable law (Id. at PageID # 584-87).

In reply, Plaintiff contends the ALJ's mischaracterization and improper evaluation of opinion evidence is legal error which is compounded by her failure to explain the basis for her unsupported RFC assessment (DN 19 PageID # 597-99).   Plaintiff points out that the ALJ ignored portions of the medical opinions which indicate that she requires "support and structure" in order to adequately adapt to the work environment (Id. at PageID # 598).

Ms. Conyer conducted a consultative psychological examination of Plaintiff on August 17, 2020 (Tr. 394-98).   As part of the evaluation, Ms. Conyer administered intelligence testing and found that Plaintiff has a full-scale IQ of 63, which falls in the low range of cognitive abilities (Tr. 396).   Ms. Conyer's diagnostic impression was Post Traumatic Stress Disorder ("PTSD"); Major Depressive Disorder, moderate ("MDD"); and Mild Intellectual Disability ("MID") (Id.).   Ms. Conyer opined that as a result of these impairments Plaintiff had: (1) a moderate limitation on her capacity to understand, remember, and carry out instructions towards performance of simple repetitive tasks; (2) a moderate limitation on her ability to tolerate stress and pressure of day-to-day employment; (3) no limitation on her ability to sustain attention and concentration toward the performance of simple repetitive tasks; and (4) no limitation on her capacity to respond appropriately to supervisors and coworkers in a work setting (Tr. 397-98).

The state agency psychological consultants, Mary Thompson, Ph.D., and Christi Bruening, Ph.D., reviewed the record on August 18, 2020, and on February 8, 2021, respectively.   They

acknowledged the Intellectual Disability ("ID"), PTSD, and MDD diagnoses by Ms. Conyer (Tr. 68, 87).   Although both consultants agreed that Plaintiff met the PTSD and MDD criteria, they indicated that Plaintiff's adaptive skills do not support the ID diagnosis (Tr. 68, 87).   Drs. Thompson and Bruening reviewed the record and articulated the degree of functional limitation in the four broad functional areas known as the paragraph "B" criteria (Tr. 71, 87).   Additionally, they made findings concerning Plaintiff's mental RFC (Tr. 70-71).   The consultants concluded by expressing their opinion that Plaintiff is able to:

A.  Understand and remember simple instructions and procedures requiring brief initial learning periods, usually 30 days or less,

B.  Sustain attention, concentration, effort and pace for simple tasks requiring little independent judgment & involving minimal variations & doing so at requisite schedules of work & breaks, including 2-hour time blocks,

C.  Interact frequently as needed with supervisors and peers & the public, including sufficiently for task completion,

D.  Adapt adequately to situational conditions and changes with reasonable support & structure.

(Tr. 71, 96-97).   Despite disagreement with Ms. Conyer's ID diagnosis and the degree to which she believed some of Plaintiff's functional abilities are affected by the mental impairments, Drs. Thompson and Bruening commented that "CE opinion is supported by overall findings and is highly persuasive" (Tr. 68, 69, 87, 89).

The ALJ provided a thorough and accurate summary of Ms. Conyer's report and functional opinions (Tr. 22).   The ALJ explained that she found Ms. Conyer's functional opinion "partially persuasive, as the claimant's mental health symptoms as described in the medical summary, along with her low IQ, support mild to moderate limitations in all four functional domains, as also discussed in the B criteria" (Tr. 22).   This explanation refers the reader to earlier parts of the

decision where the ALJ provides a summary of the medical evidence concerning the mental impairments and a more comprehensive discussion of her paragraph "B" criteria findings and the evidence in the record that supports her findings (Tr. 19, 20).   Viewed holistically, the ALJ's decision indicates that Ms. Conyer's opinion is only partially persuasive because substantial evidence in the record shows that some of Plaintiff's functional abilities are affected to a greater degree by the mental impairments (Tr. 19, 22).   Specifically, the ALJ found Plaintiff has a: (1) a moderate limitation on the ability to understand, remember, or apply information; (2) a mild limitation on the ability to interact with others; (3) a moderate limitation on the ability to concentrate, persist, or maintain pace; and (4) a moderate limitation on the ability to adapt or manage oneself (Tr. 19) (citing Tr. 277-85, 423-26, 430-32).[6]   Essentially, the ALJ's paragraph "B" criteria findings are consistent with the paragraph "B" criteria findings of Drs. Thompson and Bruening (*compare* Tr. 19 *with* Tr. 68,87).

---

6  The paragraph "B" criteria are: "1. *Understand, remember, or apply information (paragraph B1)*"; "2. *Interact with others (paragraph B2)*"; "3. *Concentrate, persist, or maintain pace (paragraph B3)*"; and "4. *Adapt or manage oneself (paragraph B4)*".   20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E1-4.   These four areas of mental functioning are evaluated on the following five-point rating scale:

> a. *No limitation (or none)*.   You are able to function in this area independently, appropriately, effectively, and on a sustained basis.
>
> b. *Mild limitation*.   Your functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited.
>
> c. *Moderate limitation*.   Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.
>
> d. *Marked limitation*.   Your functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.
>
> e. *Extreme limitation*.   You are not able to function in this area independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2a-e.

14

Moving on to the ALJ's discussion of the opinions expressed by Drs. Thompson and Bruening, and her finding that the opinions are partially persuasive.   The ALJ acknowledged that both consultants, "opined that the claimant is limited to simple instructions with brief initial learning periods, sustain attention for simple tasks, interact frequently with supervisors, peers, and the public, and adapt to situational changes in the workplace" (Tr. 22) (citing Tr. 59-73, 76-100). The ALJ explained, "[t]hese opinions are partially persuasive, as the claimant's low IQ makes her adaptation ability more limited (instead of situational, occasional and gradual) as provided in the decisional residual functional capacity" (Id.).   Additionally, the ALJ included within her RFC determination the following limitation: "[Plaintiff] can understand, remember, and carry out simple instructions and tasks with workplace changes that are occasional and gradually introduced" (Tr. 20, Finding No. 4).

The ALJ did not specifically use the terms "supportability" and "consistency" in her explanations for finding that the jointly held opinion of Drs. Thompson and Bruening is partially persuasive.   However, when the ALJ's decision is viewed holistically, it is apparent that the ALJ found Plaintiff's low IQ makes her adaption ability more limited than the jointly held opinion of Drs. Thompson and Bruening which indicates Plaintiff can adapt adequately to situational conditions and changes with reasonable support and structure.   The Court reasonably infers from the ALJ's discussion of the evidence throughout the decision that she found this jointly held opinion of Drs. Thompson and Bruening is not supported by and consistent with substantial evidence in the record.   Moreover, the limitations that the ALJ did include within the RFC determination—simple instructions and tasks with workplace changes that are occasional and gradually introduced—address Plaintiff's more limited ability to adapt while implicitly providing

15

Plaintiff with the reasonable support and structure necessary to help her adapt adequately to situational conditions and changes in the workplace.

In sum, Plaintiff is not entitled relief on his challenges to the ALJ's RFC determination.

Conclusion

As the undersigned noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ."   Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up).   Regardless of how the undersigned may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ.   42 U.S.C. § 405(g). Rather, the undersigned is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law.   Id.   After reviewing the record, the undersigned concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law.   Therefore, Plaintiff is not entitled to relief with regard to her challenge.

RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence and comport with applicable law.   As such, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

January 2, 2024

H. Brent Brennenstuhl
**United States Magistrate Judge**

16

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.   Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.   If a party has objections, such objections must be timely filed, or further appeal is waived.   Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985).

January 2, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:       Counsel

17