UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:23-CV-4-CRS-HBB

LILLIAN A.                                                                                                       PLAINTIFF

v.

MARTIN O'MALLEY,
*Commissioner of the Social Security Administration*[1]                              DEFENDANT

## MEMORANDUM OPINION & ORDER

The Commissioner of Social Security denied Lillian A.'s ("Claimant's") claim for supplemental security income under Title XVI of the Social Security Act. Claimant seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g). This matter was referred to United States Magistrate Judge H. Brent Brennenstuhl for preparation of a report and recommendation. On January 2, 2024, Magistrate Judge Brennenstuhl issued his Report which recommends that the Commissioner's decision be affirmed. DN 21. On January 18, 2024, Claimant filed timely Objections to the Report. DN 22. Thus, this matter is now before the court for consideration of Claimant's Objections.

## I. Background

Claimant, who suffers from degenerative disc disease of the lumbar spine, major depressive disorder, post-traumatic stress disorder, and neurocognitive disorder, filed her SSI application on February 26, 2020. Her claim was denied initially and on reconsideration. A telephonic hearing was held on November 30, 2021. On December 22, 2021, the ALJ issued a written decision, concluding that Claimant was not disabled within the meaning of the Social Security Act. Claimant requested review by the Appeals Council. Her request was denied

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to FED. R. CIV. P. 25(d), he is substituted for former Acting Commissioner Kilolo Kijakazi.

on November 8, 2022. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

## II. Standard of Review

The court conducts a de novo review of the portions of Magistrate Judge Brennenstuhl's Report to which Claimant has filed timely and specific written objections. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). To be specific, objections must "pinpoint those portions of the" magistrate judge's "report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). After considering all specific objections, the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by Magistrate Judge Brennenstuhl. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). An administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).

## III. Discussion

Before Magistrate Judge Brennenstuhl, Claimant took issue with the ALJ's RFC finding. Claimant's Fact & Law Summary, DN 12-1. Specifically, Claimant argued that (1) the ALJ

failed to comply with 20 C.F.R. § 416.920c(b)(2)'s articulation requirement by not considering the supportability and consistency of certain medical opinions, *id.* at 10–15, and (2) the ALJ failed to appreciate the nuances of Lorilea Conyer's, Dr. Mary Thompson's, and Dr. Christie Bruening's medical opinions because certain of their opined limitations were not expressly reflected in the RFC determination. *Id.* at 15–21. Magistrate Judge Brennenstuhl rejected both arguments. Report, DN 21 at 5–16.

Claimant lodges three Objections to Magistrate Judge Brennenstuhl's Report. Objections, DN 22. In the first two Objections, Claimant contends Magistrate Judge Brennenstuhl "ignore[d]" two arguments: (1) her argument about § 416.920c(b)(2), *id.* at 2, and (2) her argument that the ALJ failed to appreciate the nuances of certain medical opinions. *Id.* at 6. These Objections cannot be sustained because the Report proves the opposite is true. Magistrate Judge Brennenstuhl thoroughly and meaningfully considered both arguments. Report, DN 21 at 5–16 (addressing the ALJ's compliance with § 416.920c(b)(2)); *id.* at 11–16 (addressing the nuances of Conyer's, Dr. Thompson's, and Dr. Bruening's opinions and their implications for Claimant's RFC).

Claimant's third objection is that Magistrate Judge Brennenstuhl impermissibly sought to "justify the ALJ's conclusion" by providing "his own post hoc explanation as to how the ALJ *could have* resolved" certain conflicts and ambiguities present in the medical opinions when determining their supportability and consistency. Objections, DN 22 at 5 (emphasis in original). Claimant does not elaborate on this objection aside from offering a pinpoint citation to page 9 of the Report. *Id.* (citing Report, DN 21 at 9).

At page 9, Magistrate Judge Brennenstuhl addressed the ALJ's consideration of the supportability and consistency of the medical opinions of Dr. Jonelle DeLawrence, M.D., and

Jessica Bennett, MSN, APRN, FNP-C. Report, DN 21 at 9. In so doing, he observed that objective medical evidence – the November 2020 imaging of Claimant's lumbar spine, discussed by the ALJ – undermined both medical opinions. Report, DN 21 at 9 (citing ALJ Op., DN 21 at 24). Moreover, he observed that the ALJ found both medical opinions to be only "partially persuasive" because the physical examinations of both providers revealed "generally normal" physical findings that undermined the opined limitations of both providers. *Id.* (citing ALJ Op., DN 21 at 25). Additionally, Magistrate Judge Brennenstuhl explained that the ALJ gave Claimant "the benefit of the doubt and reduced her physical RFC to light work" notwithstanding the credulity of the opinions. *Id.* at 10; ALJ Op., DN 21 at 8 (the opinions are "partially persuasive," as the physical examinations were "generally normal, but the claimant's decisional residual functional capacity has been reduced to light work out of an abundance of caution in her favor"). The Court detects no error in this part of the Report.

Contrary to Claimant's assertion, Magistrate Judge Brennenstuhl did not provide his own rationale as to the supportability and consistency of Dr. DeLawrence's and Bennett's medical opinions. Nor did he independently resolve any conflicts or ambiguities present in their opinions. Instead, Magistrate Judge Brennenstuhl simply identified the ALJ's reasons for finding the opinions "partially persuasive," including her resolution of conflicts apparent within them. That is permissible. Indeed, an ALJ's reasons for rejecting or adopting a medical opinion may be gleaned from elsewhere in the written decision: "meaningful judicial review exists – even if the ALJ provided only a cursory or sparse analysis – if the ALJ made sufficient factual findings elsewhere in the decision that supports her conclusion." *Booker R. v. Comm'r of Soc. Sec.*, No. 3:22-cv-170, 2023 WL 4247312, at *4–5 (S.D. Ohio June 29, 2023) (collecting cases); *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) (it is sufficient for an ALJ's reasons

for determining the consistency of a medical opinion to be found elsewhere in the decision). Thus, Claimant's final objection is unavailing.

### IV. Conclusion

The court concludes that Claimant's Objections are meritless. Accordingly, Claimant's Objections, DN 21, are **OVERRULED** and Magistrate Judge Brennenstuhl's well-reasoned Report and Recommendation, DN 22, is **ADOPTED** in its entirety as the opinion of the court and is incorporated by reference herein.

A separate judgment will be entered contemporaneously with this Order.

There being no just reason for delay, this is a **final Order**.

March 4, 2024

Charles R. Simpson III, Senior Judge
United States District Court